Foster, J.
(dissenting). The issue presented on this appeal is whether there was any substantial evidence to sustain an award of compensation made by the Workmen’s Compensation Board. The Appellate Division held there was none. Counsel for claimant argues that in arriving at this conclusion the Appellate Division weighed the evidence, and we think there is merit to this contention.
The decedent was employed for many years in the plating and polishing departments of the employer which was engaged in the manufacture of plumbing supplies. There he was exposed to fumes from nitric, sulphuric and chromic acids, at least the board could so find. In 1953 he developed symptoms which indicated a lung ailment. On October 8, 1953 an exploratory operation was performed on him which revealed cancer of the right lung. After the operation the decedent was able to return to his employment and worked until April 21, 1954. Death occurred on December 3, 1955, and in the interval between the operation and the date of his death he received radiation therapy, all to no avail. For many years decedent was a heavy cigarette smoker.
A number of hearings were held, first on a disability claim, and later on a death claim. There was a sharp conflict in the medical opinion evidence as to whether the development of cancer in decedent’s right lung was due to his occupation. All of the physicians who testified were in general agreement that the cause, or causes, of lung cancer are not known with positive certainty, but it was also generally accepted that the incidence of lung cancer among individuals who inhaled irritants was much greater than among those who did not inhale such irritants, and the record indicates that a considerable segment of medical opinion holds the view that exposure to acid and chromic fumes are contributing factors in the development of lung-cancer, although there may be other factors also. It was argued against the claim that the proof was unsubstantial as to causal relation between the exposure to acid and chromic fumes, and also that cigarette smoking- was an even more probable cause.
It is true that an award of compensation may not rest on pure speculation, and also that a reviewing court, despite the board’s exclusive fact-finding- powers, may examine the whole record to determine whether there is substantial evidence to Sustain the award (Matter of McCormack v. National City Bank, 303 *995 N. Y. 5). Nevertheless a reviewing court may not under the guise of these principles weigh and balance the evidence, and thus usurp the function of the board. In the field of medical opinion a reviewing court is not authorized to indulge in a quest for- positive certainty because the practice of medicine is not an exact science and differences of medical opinions are bound to arise (Matter of Palermo v. Gallucci Sons, 5 N Y 2d 529; Matter of Hassell v. Oxford Filing Supply Co., 16 A D 2d 534; Matter of Ernest v. Boggs Lake Estates, 12 N Y 2d 414). It is only where the basis of an opinion is so preposterous that a rational mind would refuse to accept it that a court may reject the opinion as a matter of law. If the issue is debatable it can only be resolved by weighing the evidence, and this is the exclusive function of the board in compensation cases.
In this case three physicians testified unequivocally to causal relationship, and the respondent so concedes. It is argued, however, that their testimony should be rejected as a matter of law because it ignored pathological studies of autopsied tissues of the bronchi and lungs which did not reveal the presence of chromates. As a matter of fact two physicians who testified to causal relation were examined as to this very matter and dismissed the findings as not significant, chiefly on the ground that the spectographic tissue analysis was not made until some two or three years after the autopsy when the slides were, prepared. This, of course, is a controversial issue, but one that is within the realm of fact which the board had power to resolve. The proof was not so clear that a reviewing court would be justified in saying that the board could not accept the opinion of these physicians who testified for the claimant.
It is said that a reversal here would repudiate our decision in the case of Matter of Miller v. National Cabinet Co. (8 N Y 2d 277). There the issue was whether leukemia, a form of cancer, was causally related to exposure of benzol. In that case however there was no unequivocal medical testimony as to causal relation, but only the possibility of such connection. The factual background was, therefore, essentially different.
The order of the Appellate Division should be reversed, and the decision and award of the Workmen’s Compensation Board should be reinstated, with costs to the appellant.
Order affirmed.